IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL KISTLER,

    Petitioner,
v.                                                        Case No. 3:21cv1015-LC/MAF

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On September 2, 2021, Petitioner Michael Kistler, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On December 13, 2021, Respondent filed a motion to dismiss the petition, with exhibits.  ECF No. 9.  Petitioner has not filed a reply, although he had the opportunity to do so.  *See* ECF No. 5.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show the petition should be dismissed as untimely.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing

dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Michael Kistler challenges his conviction and sentence from the First Judicial Circuit, Escambia County, Florida, following his entry of open nolo contendere pleas in three cases, 2016-CF-3991, 2016-CF-4116, and 2016-CF-3826. ECF No. 1 at 1; Ex. A at 26-44.[1] The court accepted the pleas and sentenced Kistler, as an habitual offender, to a total of twenty (20) years in prison, with a three-year minimum mandatory term. Ex. A at 57-75; 83-90.

Kistler appealed his convictions and sentence to the First District Court of Appeal (First DCA), assigned case number 1D17-2639. Ex. A at 101. Kistler's counsel filed an initial brief pursuant to Anders v. California, 386 U.S. 738 (1967). Ex. B. On November 14, 2017, the First DCA affirmed the case per curiam without a written opinion. Ex. D; Kistler v. State, 237 So. 3d 254 (Fla. 1st DCA 2017). The mandate issued December 12, 2017. Ex. D.

On September 4, 2018, Kistler filed a pro se motion for post-conviction relief in the state trial court pursuant to Florida Rule of Criminal Procedure

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motions to dismiss, ECF No. 9.

Case No. 3:21cv1015-LC/MAF

3.850.  Ex. E at 10-51.  By order rendered September 24, 2018, the state post-conviction trial court summarily denied relief.  Ex. E at 83-88 (exclusive of attachments).  Kistler appealed and filed a pro se brief, assigned case number 1D18-4827.  Ex. F.  The State did not file an answer brief.  See Ex. G.  On August 29, 2019, the First DCA affirmed the case without a written opinion.  Ex. H; Kistler v. State, 279 So. 3d 77 (Fla. 1st DCA 2019) (table).  The mandate issued September 26, 2019.  Ex. H.

On December 24, 2019, Kistler filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).  Ex. I at 10-19.  By order rendered January 13, 2020, the state trial court denied the motion.  Id. at 20-23 (exclusive of attachments).  Kistler appealed to the First DCA, assigned case number 1D20-1239; no briefs were filed.  See Ex. J.  On November 13, 2020, the First DCA affirmed the case without a written opinion.  Ex. L; Kistler v. State, 306 So. 3d 73 (Fla. 1st DCA 2020) (table).  The mandate issued on December 11, 2020.  Ex. L.

As indicated above, on September 2, 2021, Kistler filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.  ECF No. 1.  Respondent filed a motion to dismiss the petition, with exhibits.  ECF No. 9.  Petitioner has not filed a reply, although he was given the opportunity to do so.  See ECF No. 5.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. Id. § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. Id. § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, Kistler appealed his conviction and sentence, and on November 14, 2017, the First DCA affirmed the case without a written opinion. Ex. D; Kistler v. State, 237 So. 3d 254 (Fla. 1st DCA 2017) (table). Kistler did not seek additional review. Therefore, his

conviction became final for federal habeas purposes on February 12, 2018, upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court.  See 28 U.S.C. § 2244(d)(1)(A); see also, e.g., Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002).  He had one year thereafter, or until February 12, 2019, to file his federal habeas petition, absent tolling activity.  See, e.g., Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

    Kistler filed his Rule 3.850 motion in the state trial court on September 4, 2018.  Ex. E at 10-51.  This stopped the AEDPA clock at 204 days, and the time remained tolled until the conclusion of his state post-conviction proceedings, on September 26, 2019, when the First DCA issued its mandate in the appeal affirming the denial of post-conviction relief.  Ex. H.

The clock then ran for another 89 days, until December 24, 2019, when Kistler filed his Rule 3.800 motion. Ex. I at 10-19. This filing stopped the AEDPA clock again, and the time remained tolled until December 11, 2020, when the First DCA issued its mandate in the appeal affirming the denial of relief. Ex. K. The AEDPA clock resumed on December 12, 2020, and expired on Monday, February 22, 2021, after the remaining 72 days ran untolled. Thus, when Kistler filed his § 2254 petition on September 2, 2021, his AEDPA limitations period had expired.

As Respondent indicates, Kistler does not address the timeliness question in his petition. *See* ECF No. 1; ECF No. 9 at 8. As Respondent also indicates, to the extent Kistler relies on Martinez v. Ryan, 561 U.S. 1 (2012), to excuse his untimely filing, such reliance is misplaced. ECF No. 9 at 8; *see* Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014). Kistler has not alleged or demonstrated entitlement to equitable tolling, and he has not filed a reply to the motion to dismiss.

## Conclusion

The § 2254 petition is untimely. Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 9, be **GRANTED**, and Petitioner Kistler's § 2254 petition, ECF No. 1, be **DISMISSED as untimely**.

## **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 9) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED as untimely.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 12, 2022.

<u>S/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**